```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                 CIVIL NO. 21-1301(DSD/TNL)
```

Kyle-William Brenizer, Travis R.
Fairbanks, Johnnie L. Haynes,
and Montez T. Lee, All Inmates
of the Sherburne County Jail,

        Plaintiffs,

v.                                                    ORDER

The County of Sherburne, Joel
Brott, Sherburne Co. Sheriff
(In his individual and official
capacities); Donald Starry,
Sherburne Co. Chief Deputy Sheriff
(In his individual and official
capacities); Pat Carr, Sherburne
Co. Jail Commander (In his individual
and official capacities); Brian Frank,
Sherburne Co. Jail Administrator (In
his individual and official capacities);
Dave Isias, Assistant Sherburne Co.
Jail Administrator (In his individual
and official capacities); Chris
Bloom, Sherburne Co. Jail Captain
(In his individual and official
capacities); Tom Zerwas, Sherburne
Co. Jail Captain (In his individual
and official capacities); Steve Doran,
Sherburne Co. Chief Deputy Sheriff
(In his individual and official capacities);
and Mark Frittle, Sherburne Co. Jail
Programs Coordinator (In his individual
and official capacities),

        Defendants.

This matter is before the court on plaintiffs' objection to the August 5, 2021, order of Magistrate Judge Tony N. Leung. In his order, the magistrate judge required plaintiffs to pay

additional filing fees or petition to proceed in forma pauperis (IFP). The magistrate judge stated that failure to do so would result in dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b). Based on a careful review of the file, record, and proceedings herein, and for the following reasons, the court now overturns the order.

## BACKGROUND

Plaintiffs Kyle-William Brenizer, Travis R. Fairbanks, Johnnie L. Haynes, and Monte T. Lee brought this action under 42 U.S.C. § 1983, challenging their treatment and conditions of confinement in the Sherburne County Jail. Initially, three of the four defendants filed applications to proceed IFP. In his June 2021 order, the magistrate judge instructed the remaining plaintiff, Travis Fairbanks, to submit an IFP application. See ECF No. 6. Further, the magistrate judge instructed the other three plaintiffs to submit additional information to complete their IFP applications.[1]

Plaintiffs then paid $402 as a filing fee, sought to withdraw their previously filed IFP applications, and asked the court to "rescind or vacate as moot" the June 24, 2021, order. ECF No. 8.

---

[1] The magistrate judge required plaintiffs to submit information to establish deposits to, and balances of, their jail trust account. The court needs that information to calculate their initial partial filing fee, as required by 28 U.S.C. § 1915(b).

In response, the magistrate judge determined that plaintiffs failed to pay the full civil filing fee. ECF No. 10, at 2. The magistrate judge found that each prisoner in a case with multiple prisoner litigants must pay the filing fee regardless of whether any prisoners proceed IFP. Id. Therefore, the magistrate judge determined that each plaintiff must pay a $350.00 statutory filing fee, for a total of $1,400.00. Id.

Considering their payment of $402.00, the magistrate judge ordered plaintiffs to pay the remaining $998.00. Id. Alternatively, plaintiffs could choose not to withdraw their IFP applications and instead provide the additional information needed to process the applications. Id. at 3. If plaintiffs failed to pay the remaining fees or provide the necessary IFP documentation, the magistrate judge stated that he would recommend dismissal of the action for failure to prosecute. Id. at 2.

Plaintiffs object to the order, arguing that no further filing fee is owed. Plaintiffs assert that when no prisoner proceeds IFP, 28 U.S.C. § 1915(b), which requires each plaintiff to separately pay the filing fee, does not apply. Plaintiffs argue instead that 28 U.S.C. § 1914(a) applies and only requires payment of a single standard filing fee.

**DISCUSSION**

The district court will modify or set aside a magistrate judge's order on a nondispositive issue only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). This is an "extremely deferential" standard. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1995) (citations and internal quotation marks omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citations and internal quotation marks omitted).

**I.   Prisoner Plaintiff Actions**

Congress passed the Prison Litigation Reform Act of 1995 (PLRA) to address the large number of prisoner complaints filed in federal court. See Jones v. Bock, 549 U.S. 199, 202 (2007). For example, "[i]n 2005, nearly 10 percent of all civil cases filed in federal courts nationwide were prisoner complaints challenging prison conditions or claiming civil rights violations." Id. at 203 (citations omitted). By implementing a series of reforms, the

PLRA sought to "reduce the quantity and improve the quality of prisoner suits." Porter v. Nussle, 534 U.S. 516, 524 (2002).

One reform addressed the common practice of prisoner-plaintiffs claiming indigency, applying to proceed in forma pauperis, and seeking waiver of the filing fee required to initiate an action. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001). This resulted in a "large number of meritless" claims because prisoners proceeding IFP were "not subject to the same economic disincentives to filing meritless cases that face other civil litigants." Id. (citations omitted). In response, the PLRA modified "the scheme by which courts ... process requests for pauper status." In re Prison Litigation Reform Act, 105 F.3d 1131, 1131 (6th Cir. 1997). Instead of a complete waiver, "the only issue [under the PLRA] is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Id.

The PLRA interacts with numerous aspects of the Federal Rules of Civil Procedure, and courts continue to determine the precise contours of their combined effect. One issue courts have considered is whether prisoner plaintiffs can participate in joint litigation. See Boriboune v. Berge, 391 F.3d 852, 854-55 (7th Cir. 2004) (outlining the rationale for rejecting joint prisoner litigation). Further, courts that permit joint prisoner

litigation have wrestled with the proper approach to assigning filing fees among those plaintiffs.

## II.  Relevant Filing Fee Provisions

Section 1914(a) requires "the parties instituting any civil action, suit or proceeding ... to pay a filing fee of $350."  28 U.S.C. § 1914(a).  This provision is generally interpreted to require, even in cases with multiple plaintiffs, payment of a single filing fee.  Boriboune, 391 F.3d at 855-56.  Section 1915 provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."  18 U.S.C. § 1915(b)(1).  Most courts that have analyzed the requirements of § 1915 have concluded that, unlike § 1914, it requires each plaintiff to separately pay the full filing fee.  See Hagan v. Rogers, 570 F.3d 146, 155-56 (3d Cir. 2009); Boriboune, 391 F.3d at 855-56.

Under that framework, § 1914 serves as the general rule for filing fees, and § 1915(b)(1) modifies the rule in certain circumstances.  Here, the court must consider whether the general rule or the exception applies to plaintiffs in this case.  This question requires the court to interpret § 1915(b)(1) to determine its proper application.

## III. Interpreting § 1915(b)(1)

In a case involving statutory interpretation, we start with the plain meaning of the text.  Negonsott v. Samuels, 506 U.S. 99,

6

104 (1993). Section 1915(b)(1) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." On its face, § 1915(b)(1) applies only when a prisoner proceeds IFP. It states that the full filing fee is due "if a prisoner brings a civil action or files an appeal in forma pauperis," indicating that its requirements do not apply if a prisoner does not file IFP. 18 U.S.C. § 1915(b)(1). Thus, the plain meaning indicates that § 1915(b)(1) only applies to cases in which at least one prisoner proceeds IFP and that the general rule in § 1914(a) applies if there are no IFP prisoner plaintiffs.

In addition to the plain meaning, § 1915(b)(1)'s title supports the finding that it applies only to prisoners proceeding IFP. "'[T]he title of a statute and the heading of a section' are 'tools available for the resolution of a doubt' about the meaning of a statute." Almendarez-Torres v. U.S., 523 U.S. 224, 234 (1998) (quoting Trainmen v. Baltimore & Ohio R. Co., 331 U.S. 519, 528-29 (1947)). Section 1914, titled "District court; filing and miscellaneous fees; rules of court," lays out the filing fees for "parties instituting any civil action." 28 U.S.C. § 1914. Section 1915 follows and is titled "Proceedings in forma pauperis." Thus, the section's title indicates that its provisions apply only when plaintiffs proceed IFP.

Finally, other courts have interpreted the scope of § 1915(b)(1) similarly.  In Hardwick v. Phelps, the court denied a motion seeking to "require plaintiff to pay a filing fee pursuant to the PLRA" based on its finding that "[b]ecause the filing fee was prepaid, plaintiff does not proceed under the filing fee requirements of the PLRA."  137 F. Supp. 3d 626, 628 (D. Del. 2015).  In its explanation, the court clarified that it was "aware that § 1915(b)(1) requires that indigent prisoners filing civil actions pay the full amount of a filing fee" but that "plaintiff did not seek a finding of indigence, and the filing fee in the ... case was not assessed under the requisites of § 1915(b)(1)."  Id. at n.2.

This court has applied similar reasoning.  In Jackson v. Mike-Lopez, the court addressed a multi-plaintiff prisoner suit in which some plaintiffs sought IFP status and some did not.  No. 17-cv-4278, 2018 WL 614737 (D. Minn. Jan. 29, 2018).  After a non-IFP plaintiff submitted the full filing fee, the court permitted the action to go forward, finding that the payment satisfied the requirements of § 1914(a).  Id. at *2.  The court went on to dismiss the other plaintiffs' IFP applications "[b]ecause the non-IFP filing fee for the action ha[d] been paid in full."  Id.

Therefore, under its plain meaning, surrounding context, and case law, § 1915(b)(1) only applies when at least one prisoner plaintiff proceeds IFP.  Otherwise, the general requirements of

8

§ 1914 apply. Here, all plaintiffs withdrew their IFP applications and proceeded by paying the full filing fee. Under these circumstances, plaintiffs are subject to the general requirements of § 1914.

**IV. Applying § 1914 to Plaintiffs**

Section 1914(a) states that "the parties instituting any civil action, suit or proceeding ... [are required] to pay a filing fee of $350." 28 U.S.C. § 1914(a). Notably, the phrasing in § 1914 – "the clerk ... shall require the parties ... to pay" – differs from the phrasing in § 1915(b)(1) – "the prisoner shall be required to pay ...." 28 U.S.C. § 1914(a); 28 U.S.C. § 1915(b)(1). The difference suggests that § 1914 requires only one filing fee. Further, courts have generally interpreted § 1914 to mean that the fee "is per case rather than per litigant." See Boriboune, 391 F.3d at 855.

Therefore, plaintiffs' withdrawal of their IFP applications and payment of $402 satisfies their filing fee obligation. As a result, the court must set aside the order.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that plaintiff's objection [ECF No. 14] to the magistrate judge's order is sustained.

Dated: August 31, 2021

s/David S. Doty
David S. Doty, Judge
United States District Court
