UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 21-1301(DSD/TNL)

Kyle-William Brenizer, et al.,

        Plaintiffs,

v.                                                    **ORDER**

The County of Sherburne, et
al.,

        Defendants.


    This matter is before the court upon the Amended Report and Recommendation of United States Magistrate Judge Tony N. Leung dated February 1, 2022 (R&R). Based on a review of the R&R, plaintiffs' objections, defendants' response, and the file, record, and proceedings herein, the court overrules the objections and adopts the R&R in its entirety.


**BACKGROUND**

    This putative class action arises out of claims by pre-trial detainees and convicted inmates housed at the Sherburne County Jail that defendants[1] violated their constitutional rights by severely limiting their ability to exercise during the COVID-19 pandemic and by subjecting them to black mold and other

---

[1]    Defendants include Sherburne County; Joel Brott, the Sherburne County Sheriff; and various Sherburne County correctional officers.

contaminants while in their cells.  Plaintiffs allege that the conditions of their confinement in this regard constitute cruel and unusual punishment in violation of the Eighth Amendment (Count 1) and have resulted in a denial of their due process rights under the Fourteenth Amendment (Count 2).  Plaintiffs also allege that defendants are liable under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978), due to unconstitutional policies, practices, and customs (Count 3), and City of Canton v. Harris, 489 U.S. 378 (1989), for failure to adequately train correctional officers at the Sherburne County Jail (Count 4).[2]

The magistrate judge recommends that the court dismiss Counts 1, 2, and 4 without prejudice and dismiss Count 3 without prejudice to the extent it is based on alleged constitutional violations based on a custom, pattern, or practice of restricting out-of-cell exercise.  The magistrate judge also recommends that the court dismiss the individual defendants without prejudice given plaintiffs' failure to specifically identify alleged misconduct by each of the named defendants.  Finally, the magistrate judge recommends that the court dismiss plaintiffs' request for punitive damages with prejudice.  If upheld, this leaves Count 3, insofar

---

[2] The court will not repeat the thorough recitation of facts set forth in the R&R, as they are not in dispute.

as it relates to defendants' out-of-cell exercise policies, as plaintiffs' only remaining claim.

## DISCUSSION

The court reviews de novo any portion of the R&R to which specific objections are made.  See 28 U.S.C. § 636(b)(1)(c). Plaintiffs object to the R&R in two respects.  First, plaintiffs argue that the magistrate judge erred in recommending dismissal of the Monell claim based on restrictions relating to out-of-cell exercise.  The magistrate judge concluded that this aspect of the Monell claim is not viable because plaintiffs failed to plausibly allege "a widespread, persistent pattern of restricting out-of-cell exercise" by Sherburne County.  ECF No. 31, at 20.  The magistrate judge noted, for example, that plaintiffs did not "allege[] other incidents in which their out-of-cell exercise was restricted prior to the events in question."  Id.  Plaintiffs contend that they were not required to allege exercise restrictions occurring before the pandemic to establish the requisite widespread and persistent practice at issue.  But, as noted, the magistrate judge did not rely solely on the lack of pre-pandemic exercise restrictions in determining that plaintiffs failed to adequately allege the requisite pattern.  Rather, the magistrate judge reviewed the complaint as a whole and concluded that plaintiffs did little more than raise boilerplate allegations as

3

to the existence of "customs, patterns, or practices regarding out-of-cell exercise." Id. The court agrees with the magistrate judge's well-reasoned and thorough analysis and overrules plaintiffs' objection in this regard.

Second, plaintiffs object to the magistrate judge's recommendation that the court dismiss the Canton claim, which is based on the alleged failure to train correctional officers as to the minimal amount of exercise inmates must be allowed to engage in. The magistrate judge concluded that this claim is not viable because plaintiffs failed to allege that Sherburne County knew or had reason to know that its training as to prisoner exercise was inadequate. Absent such notice, a failure-to-train claim cannot proceed. Id. at 24 (quoting Atkinson v. City of Mountain View, 709 F.3d 1201, 1216-17 (8th Cir. 2013)). The court again agrees with the magistrate judge's analysis and conclusion. In doing so, the court does not minimize the many hardships placed on inmates during the ongoing pandemic. Those restrictions are designed to prevent, or at least curtail, widespread infection in prisons. Based on the allegations set forth in the complaint, the restrictions at issue were among those imposed to try to keep inmates safe. Under these circumstances, absent previous such restrictions, plaintiffs have failed to adequately plead that the restrictions were due to a deliberate indifference on the part of Sherburne County. This objection is also overruled.

4

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1.    The R&R [ECF No. 31] is adopted in its entirety;

2.    The objections [ECF No. 32] are overruled;

3.    The amended motion to dismiss [ECF No. 16] is granted in part and denied in part;

4.    Counts 1, 2, and 4 are dismissed without prejudice;

5.    Count 3 is dismissed without prejudice to the extent plaintiffs assert the alleged constitutional violations resulted from a custom of Sherburne County regarding out-of-cell exercise;

6.    The individual defendants are dismissed without prejudice; and

7.    Plaintiffs' request for punitive damages against Sherburne County is dismissed with prejudice.

Dated: March 8, 2022

                              s/David S. Doty
                              David S. Doty, Judge
                              United States District Court